IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM VAN TRUSELL,           )
                               )
               Petitioner,     )
                               )
          v.                   )     1:13CV203
                               )
UNITED STATES OF AMERICA,      )
                               )
               Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Petitioner initially filed the Petition in the United States District Court for the District of Columbia. That Court transferred the matter to the Eastern District of North Carolina, which then transferred it to this District. Neither court performed any initial screening or ruled on the *in forma pauperis* application before transferring the case. For the following reasons, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Kieran J. Shanahan, who is currently the Secretary of Public Safety, as Respondent.

3. Although Petitioner's claim for relief attacks his state court conviction, his Petition purports to challenge an earlier § 2254 Petition that he filed in this Court in case 1:12CV227. That case was dismissed without prejudice based primarily on Petitioner's failure to exhaust his state court remedies. It may be that Petitioner meant the current action to be an appeal of the prior case. If so the filing of a notice of appeal in this Court and an appeal to the United States Court of Appeals for the Fourth Circuit, not the filing of a § 2254 form in the District of Columbia, would have been the proper way to proceed.[1]

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the

---

[1] The Court also notes that Petitioner later filed another § 2254 Petition in this District, 1:12CV1238, which was initially accepted for filing, but then dismissed without prejudice after Petitioner failed to pay the $5.00 filing fee as ordered.

-2-

Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 14th day of March, 2013.

                                             /s/ L. Patrick Auld  
                                             **L. Patrick Auld**  
                                       **United States Magistrate Judge**